IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WILLIAM PRUITT                                                                              PLAINTIFF
ADC #132782

V.                                      NO.  1:08cv00060 SWW-JWC

CHANCE NORRIS, et al                                                                DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

### Recommended Disposition

On November 17, 2008, Plaintiff, a pro se inmate currently confined to the North Central Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (doc. 2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1) which was denied.  Pursuant to the Court's November 21, 2008, order (doc. 4), Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements (doc. 6); accordingly, in forma pauperis status was granted.

### I.  Background

According to Plaintiff's complaint, on November 8, 2008, at 9:15 p.m. after returning from the law library to his barracks, Defendants Norris, Garmen, McCullough, and Kelso began shaking down his rack.  Plaintiff claims this was done in retaliation for his questioning the amount of time he was given in the law library.  Plaintiff alleges that Defendants threw his clothes, underclothes, pants, socks, shirt, towel, wash cloth, pillow and case, coat, thermals, legal work, personal mail, and medication on the floor.  He

2

further alleges that Defendant McCullough stood on his legal work and mail and shuffled them together.  Defendants confiscated one pair of Plaintiff's shower shoes, a "CTM" cold tablet, a map of Mountain Home, and some legal work that was later returned.  Around 10:10 p.m. Plaintiff was called to the lieutenant's desk where Defendants Ash, Sanders, Norris, Garmen, and Fears interrogated him about the confiscated items.  Plaintiff alleges he was forced to fill out a witness statement about a bag of coffee he received for legal work he had done on behalf of another inmate.  Defendant Norris then allegedly told Plaintiff he would be receiving a major disciplinary, and Defendant Ash allegedly threatened to lock him up in isolation, where there are no cameras, if he said anything to anyone.  Plaintiff last alleges that he was kept awake all night by officers kicking his rack at every barracks check to remind him who was in charge.

After granting Plaintiff in forma pauperis status (doc. 7), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  Id. § 1915A.

## II.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  Moreover, this Court may sua sponte dismiss a complaint filed

in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### III.  Analysis

The edicts of § 1983 are clear and mandate the dismissal of Plaintiff's case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added).  Plainly, § 1983 relief "is predicated on the denial of a right or interest protected by the Constitution."  Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).  Therefore, the initial challenge in any § 1983 suit is "to isolate the precise constitutional violation" with which the defendant is accused.  Rogers v. City

of Little Rock, 152 F.3d 790, 796 & 800 (8th Cir. 1998) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).

"Conduct that retaliates against the exercise of a constitutionally protected right is actionable . . . ." Nei v. Dooley, 372 F.3d 1003, 1007 (8th Cir. 2004) (citing Cody v. Weber, 256 F.3d 764, 770-71 (8th Cir. 2001)); Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  It is undisputed that Plaintiff enjoys a constitutional right to access the prison's law library; however, he simply does not allege that he was denied access to same— he claims he merely questioned the amount of time he was given in the law library on one specific date and based on that question, his rack was shaken down and Defendants threatened him.  While this Court does not condone Defendants' allegedly intimidating and threatening behavior, even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to an independent constitutional violation.  Moreover, Defendant Norris' alleged threat of a major disciplinary and Defendant Ash's alleged threat to lock Plaintiff up in isolation, even if true, simply do not amount to "retaliation."  At most they were future threats of promised conduct and Plaintiff does not allege that either were carried out. Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks;[1] therefore, Defendants cannot be held liable under § 1983 and Plaintiff's claims against them should be dismissed.

### IV.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

---

[1] Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).

1.      Plaintiff has failed to state a claim for relief.  His case should therefore be DISMISSED in its entirety WITHOUT PREJUDICE.

2.      Any PENDING MOTIONS should be DENIED AS MOOT.

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

4.      This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 30th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.